IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRY OSOWIECKI,      *

     Plaintiff,      *

v.      *      Civil Action No. GLR-19-819

OCWEN LOAN SERVICING, LLC,      *

     Defendant.      *

      * * *

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss Counts IV, V, and VI of Plaintiff's Amended Complaint (ECF No. 10).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the following reasons, the Court will grant the Motion.

## I.     BACKGROUND[2]

On or about March 24, 2005, Plaintiff Henry Osowiecki obtained a loan to refinance a mortgage on his residence in Mardela Springs, Maryland (the "Debt"). (Am. Compl. ¶ 34, ECF No. 3). The Debt is owned by Deutsche Bank National Trust Company ("Deutsche Bank") as trustee for IndyMac INDX Mortgage Loan Trust ("IndyMac"). (Id. ¶ 36).

---

[1] Ocwen captioned its Motion as a "Motion to Dismiss Counts IV, V, and VI of Plaintiff's Complaint." However, because the Motion was filed after the filing of the Amended Complaint, the Court refers to it as a "Motion to Dismiss Counts IV, V, and VI of Plaintiff's Amended Complaint."

[2] Unless otherwise noted, the Court takes the following facts from Plaintiff Henry Osowiecki's Amended Complaint (ECF No. 3) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Osowiecki defaulted on the loan in 2010. (Id. ¶ 37). On December 10, 2012, IndyMac initiated foreclosure proceedings against Osowiecki. (Id. ¶ 38). On December 1, 2013, IndyMac transferred the Debt to Ocwen to begin servicing. (Id. ¶ 42). IndyMac voluntarily dismissed the foreclosure action against Osowiecki on February 19, 2014. (Id. ¶ 41).

On October 22, 2015, Ocwen and IndyMac instituted legal proceedings in the Circuit Court for Wicomico County, Maryland to foreclose on Osowiecki's residence. (Id. ¶ 44); see Yacko v. Osowiecki, No. 22C151633 (Cir.Ct.Wic.Cty. filed Oct. 22, 2015). In the state court foreclosure proceedings, Osowiecki affirmatively plead defenses of non-compliances and defects by Ocwen and/or its predecessors in the loan origination. (Am. Compl. ¶ 46). On January 25, 2019, the Circuit Court issued an order ratifying the sale of Osowiecki's home and assigned an independent auditor to prepare a report examining the amounts owed by Osowiecki to Ocwen (the "Audit Report"). (Am. Compl. ¶ 47; id. Ex. 1 ["Audit R. & Exceptions"] at 1–2, ECF No. 3-1).[3] The Audit Report, which was submitted to the Circuit Court on February 22, 2019, found that Ocwen overcharged Osowiecki by approximately $35,823.12 in fees, costs, and expenses. (Am. Compl. ¶¶ 48, 50; Audit R. & Exceptions at 4). On March 4, 2019, Osowiecki filed his exceptions to the Audit Report, (Audit R. & Exceptions at 4), which the Circuit Court overruled on April 25, 2019, (Def.'s Mot. Ex. 2 ["Apr. 25, 2019 Cir. Ct. Order"] at 1, ECF No. 10-3). The state foreclosure proceedings concluded on May 1, 2019. (Def.'s Mot. Ex. 1 ["Cir. Ct. Docket"] at 23, ECF

---

[3] Citations to page numbers refer to the pagination the Court's Case Management/Electronic Case Files ("CM/ECF") system assigned.

No. 10-2; Pl.'s Resp. Def.'s Mot. ["Pl.'s Opp'n"] at 2, ECF No. 11).

On March 18, 2019, Osowiecki brought suit against Ocwen in this Court. (ECF No. 1). On May 9, 2019, Osowiecki filed a six-count Amended Complaint, alleging: negligent violation of the Telephone Communications Protection Act ("TCPA"), 47 U.S.C. §§ 227 et seq. (2018) (Count I); willful violation the TCPA (Count II); violations of the Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code Ann., Com. Law ["CL"] §§ 14–3201 et seq. (2018) (Count III); violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (2018) (Count IV); violations of the Maryland Consumer Debt Collection Act ("MCDCA"), CL §§ 14–201 et seq. (2018) (Count V); and violations of the Real Estate Settlement Procedures Act ("RESPA"), 2 U.S.C. §§ 2601 et seq. (2018) (Count VI). (Am. Compl. ¶¶ 127–49). Osowiecki seeks actual, statutory, and treble damages, attorneys' fees and costs, and injunctive relief. (Id. at 30–32).

On July 1, 2019, Ocwen filed its Motion to Dismiss Counts IV, V, and VI of Plaintiff's Amended Complaint. (ECF No. 10). On July 15, 2019, Osowiecki filed his Opposition. (ECF No. 11). Ocwen filed its Reply on July 29, 2019. (ECF No. 12).

## II. DISCUSSION

### A. <u>Standard of Review</u>

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016) (quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the

complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

The general rule is that a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. First, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Second, a court may consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001); accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994). Third, a Court may consider matters of public record. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In the event that any of these properly considered extra-pleading materials conflict with the "bare allegations of the complaint," the extra-pleading materials "prevail." Fare Deals, 180 F.Supp.2d at 683; accord RaceRedi Motorsports, LLC v. Dart Mach., Ltd., 640 F.Supp.2d 660, 664 (D.Md. 2009).

## B.    <u>Analysis</u>

Ocwen contends that Osowiecki's FDCPA, MCDCA, and RESPA claims are barred by res judicata because Osowiecki could have raised them in the state foreclosure proceedings.[4] The Court agrees.

The doctrine of res judicata, or claim preclusion, "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." <u>Ohio Valley Envtl. Coal. v. Aracoma Coal Co.</u>, 556 F.3d 177, 210 (4th Cir. 2009) (internal quotations omitted). Res judicata constitutes a ground for dismissal under Rule 12(b)(6). <u>Davani v. Va. Dep't of Transp.</u>, 434 F.3d 712, 720 (4th Cir. 2006) (citing <u>Andrews v. Daw</u>, 201 F.3d 521, 524 (4th Cir. 2000) (holding that dismissal on res judicata grounds is proper under Rule 12(b)(6) unless a disputed issue of material fact exists)). A Rule 12(b)(6) dismissal based on res judicata is only appropriate, however, when the basis for res judicata "clearly appears on the face of the complaint." <u>Theune v. U.S. Bank. N.A.</u>, No. MJG-13-1015, 2013 WL 5934114, at *3 (D.Md. Nov. 1, 2013) (quoting <u>Richmond, Fredericksburg & Potomac R.R. Co. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993)). Additionally, when considering a motion to dismiss on the grounds of res judicata, "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." <u>Mills v.</u>

---

[4] Ocwen also argues that Osowiecki's FDCPA and MCDCA claims are time-barred and that the Amended Complaint fails to adequately state a claim under FDCPA, MCDCA, and RESPA. Because the Court will dismiss Counts IV–VI for res judicata, the Court need not address the balance of Ocwen's arguments.

SunTrust Banks, Inc., No. GJH-18-743, 2019 WL 1040492, at *1 (D.Md. Mar. 4, 2019), aff'd, 773 F.App'x 678 (2019) (quoting Andrews, 201 F.3d at 524).

In order for res judicata to bar a claim, three elements must be present: (1) the present parties are the same or in privity with the parties in the earlier dispute; (2) the earlier dispute was based upon the same cause of action; and (3) there has been a final judgment on the merits. See Ohio Valley, 556 F.3d at 210 (internal citations omitted); accord Anne Arundel Cty. Bd. of Educ. v. Norville, 887 A.2d 1029, 1037 (Md. 2005).[5] Osowiecki does not contest that the state foreclosure proceeding was a final judgment on the merits.[6] Accordingly, the Court will only assess whether the first two elements of res judicata are satisfied.

### 1.      Same parties or privity

With regard to the first element, Osowiecki argues that Ocwen was not a named party in the state foreclosure proceeding and was merely working in cooperation with the attorneys representing the note and mortgage holders. This argument misses the mark.

"Privity in the res judicata sense generally involves a person so identified in interest

---

[5] Because the foreclosure proceeding was a state court matter in Maryland, the preclusive effect of res judicata on the claims raised therein is determined by reference to Maryland law. Jacobs v. Venali, Inc., 596 F.Supp.2d 906, 913 (D.Md. 2009).

[6] Nor could he. "[W]hen a state court finalizes a foreclosure after the plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property, that adjudication is final on the merits." McGhee v. JP Morgan Chase Bank, N.A., No. DKC 12-3072, 2013 WL 4495797, at *6 (D.Md. Aug. 20, 2013). Because the Circuit Court issued an order ratifying the sale of Osowiecki's home, overruled Osowiecki's objections to the Audit Report, and ultimately closed the case on May 1, 2019, the state foreclosure proceeding constitutes a final judgment for preclusion purposes.

with another that he represents the same legal right." Anyanwutaku v. Fleet Mortg. Grp., Inc., 85 F.Supp.2d 566, 571 (D.Md. 2000). Because Ocwen and IndyMac share a mutuality of interest with respect to the Debt, they are in privity for res judicata purposes. See, e.g., Proctor v. Wells Fargo Bank, N.A., 289 F.Supp.3d 676, 683 (D.Md. 2018) (finding that servicer, lender, and substitute trustee were in privity where substitute trustee prosecuted state court foreclosure action on behalf of mortgage servicer); Young v. Ditech Fin., LLC, No. CV PX 16-3986, 2017 WL 3066198, at *6 (D.Md. July 19, 2017) (finding noteholder, substitute trustees, and loan servicer were in privity for res judicata purposes); Modder no v. Ocwen Loan Servicing, LLC, No. 1:17-CV-77 (JCC/TCB), 2017 WL 1234287, at *3 (E.D.Va. Apr. 4, 2017) (noting that "loan servicers are regularly found to be in privity with the lender on whose behalf they are servicing the loan"); Oikemus v. Fid. Mortg. Servs., Inc., No. CIV.A. WMN-13-3899, 2014 WL 4272022, at *1 (D.Md. Aug. 28, 2014) (finding "holders or servicers of the Note and Deed of Trust" to be in privity with substitute trustees). Indeed, even Osowiecki alleges that "OCWEN/Indymac trustees instituted legal proceedings seeking to foreclose on Plaintiff's residence." (Am. Compl. ¶ 44).

Though not named as a party in the state foreclosure proceeding, it is evident from the face of the Amended Complaint and prior court records that Ocwen is in privity with the substitute trustee who prosecuted Osowiecki's state foreclosure action. Thus, the first element of res judicata is satisfied.

## 2. Same cause of action

In regards to the second element, the Court "need not find that the plaintiff in the second suit is proceeding on the same legal theory . . . advanced in the first suit." Ohio

Valley, 556 F.3d at 210. Rather, so long as "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." Id. (internal quotations omitted); accord Kent Cty. Bd. of Educ. v. Bilbrough, 525 A.2d 232, 238 (Md. 1987) (approving use of the "transaction" test to determine claim preclusion); see also Boyd v. Bowen, 806 A.2d 314, 325 (Md.Ct.Spec.App. 2002) (noting that "[u]nder the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose"). Accordingly, the Court must assess whether Osowiecki's FDCPA, MCDCA, and RESPA claims arise out of the same transaction at issue in the state foreclosure proceedings.

### a.    FDCPA and MCDCA claims[7]

Osowiecki alleges that "Ocwen sought approximately $35,823.12 in fees, costs, and expenses which it was not entitled to," and "attempted to collect an inflated amount of debt" by incorrectly representing the fair market value of Osowiecki's home on the Cancellation of Debt form it submitted to the Internal Revenue Service. (Am. Compl. ¶¶ 50, 55). Osowiecki contends that Ocwen fraudulently inflated the amount of the Debt as a

---

[7] The FDCPA prohibits a debt collector from "harass[ing], oppress[ing], or abus[ing] any person in connection with the collection of a debt," from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692d–f (2018). The MCDCA also prohibits similar acts under Maryland law, such as "communicat[ing] with the debtor . . . with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor," and "claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." CL §§ 14-202(6), (8).

means to "harass and abuse" Osowiecki in violation of the FDCPA and MCDCA. (Id. ¶ 57).

Ocwen argues that these claims are part of the same transaction as the foreclosure action because they relate to Ocwen's calculation of the Debt. For his part, Osowiecki argues that the Amended Complaint does not challenge the underlying Debt but rather Ocwen's collection methods. In so arguing, Osowiecki seems to suggest that Ocwen's intentional miscomputation of the Debt is in and of itself an improper debt collection practice. Though couched as challenges to the method of debt collection, Osowiecki's FDCPA and MCDCA claims fundamentally concern the amount of the Debt. Because these claims arise out of the same transaction at issue in the state foreclosure proceeding, Osowiecki could have raised them as counterclaims during the pendency of that action.

Nonetheless, Osowiecki argues that the claims are not res judicata because successful prosecution of his claims in the present action would not interfere with the judgment of the state foreclosure proceedings. In support for this position, Osowiecki cites Bullock v. Ocwen Loan Servicing, LLC, No. PJM-14-3836, 2015 WL 5008773 (D.Md. Aug. 20, 2015). In Bullock, the Court reasoned that the plaintiff's FDCPA and MCDCA claims were permissive counterclaims, and therefore only had preclusive effect if successful prosecution of the claims would nullify the judgment of the prior action or otherwise impair the rights established therein. Id. at *6. Here, as previously noted, Osowiecki's FDCPA and MCDCA claims are premised on allegations that Ocwen fraudulently inflated the Debt. If proven true, these allegations would contradict and nullify the Circuit Court's determination of the amount of the Debt, which was an essential

foundation for the judgment of foreclosure. Because prosecution of Osowiecki's FDCPA and MCDCA claims would disrupt the final judgment of the foreclosure action, the claims are barred by res judicata.

### b.   RESPA claims[8]

Osowiecki alleges that he sent Ocwen a qualified written request ("QWR") for information and documentation relating to the Debt on March 6, 2017, September 22, 2018, October 12, 2018, and March 4, 2019. (Am. Compl. ¶¶ 60–62). Osowiecki contends that Ocwen failed to "timely acknowledge receipt of Plaintiff's QWRs within the statutory time," "provide responses to Plaintiff's QWRs within 30 days," "provide adequate and/or substantive responses to Plaintiff's requests," and "adequately provide responsive documents" in violation of RESPA. (Id. ¶¶ 64–65). Osowiecki alleges he "needed the requested information . . . to analyze and refute the inflated balance OCWEN alleged Plaintiff owed." (Id. ¶ 63).

By Osowiecki's own admission, the QWRs concern the "loan/mortgage re-fi origination and subsequent servicing" by Ocwen and its privities. (Id. ¶ 60). Osowiecki also admits to seeking information through QWRs "[t]hroughout the state court litigation." (Id.). Additionally, Osowiecki noted his pending March 4, 2019 QWR in his exceptions to the Audit Report, which he filed during the Circuit Court proceedings. (See Audit R. & Exceptions at 4). Osowiecki's RESPA claims therefore arise out of the same transaction at

---

[8] RESPA lists certain duties of loan servicers to respond to borrower inquiries. See 12 U.S.C. § 2605(e) (2018).

issue in the state foreclosure proceeding, and Osowiecki could have raised these challenges during the pendency of that action. See Proctor, 289 F.Supp.3d at 684 (concluding that plaintiff's FDCPA and RESPA claims were precluded by res judicata because they related to defendant's handling of her mortgaging loan, culminating in the foreclosure action); Prudencio v. Capital One, N.A., No. PWG-16-2693, 2016 WL 6947016, at *3 (D.Md. Nov. 28, 2016) (concluding that second element of res judicata was satisfied where plaintiff's FDCPA and RESPA claims, among others, "could have been raised in the foreclosure action"). Accordingly, Osowiecki's RESPA claim is barred by res judicata.

In sum, because Osowiecki failed to bring his FDCPA, MCDCA, and RESPA claims before entry of judgment in the state foreclosure action, he is precluded from doing so in this Court. Counts IV, V, and VI must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, the Court will grant Ocwen's Motion to Dismiss Counts IV, V, and VI of Plaintiff's Amended Complaint (ECF No. 10). A separate Order follows. Entered this 18th day of February, 2020.


_____/s/_____
George L. Russell, III
United States District Judge